# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GARFIELD L. HOWARD,　　　　　　　　　　Case No. 1:11-cv-004
　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Beckwith, J.
　　vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, LEBANON　　　　　　　　　　　**REPORT AND**
CORRECTIONAL INSTITUTION,　　　　　　　**RECOMMENDATION**
　　　Respondent.

　　　Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition (Doc. 3), respondent's motion to dismiss (Doc. 9), and petitioner's response in opposition (Doc. 10).[1]

## I. PROCEDURAL HISTORY

### State Trial and Appellate Proceedings

　　　On January 5, 2007, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of murder in violation of Ohio Rev. Code § 2903.02(A) and (B) and with having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3), each count including a firearm specification. (Doc. 9, Ex. 1). On January 12, 2007, petitioner entered a plea of not guilty to all charges. (Doc. 9, Ex. 2). On November 5, 2007, a jury found petitioner guilty on all counts. (Doc. 9, Ex. 4-6). Petitioner was sentenced to a total aggregate sentence of twenty-three years to life.[2] (Doc. 9, Ex. 7, p. 2).

　　　On December 5, 2007, through counsel, petitioner filed a timely appeal to the Ohio Court

---

[1] In a separate Order issued this date, petitioner's motion for an evidentiary hearing (Doc. 4) was denied as moot.

[2] The second count of murder under Ohio Rev. Code § 2903.02(B) was merged with the first count of murder for sentencing. (Doc. 9, Ex. 7).

of Appeals, First Appellate District.  (Doc. 9, Ex. 8).  Petitioner raised the following assignments of error challenging his conviction and sentence:

1. Defendant-Appellant was prejudiced by the structural defect in his indictment.

2. The trial court erred to the prejudice of the Defendant-Appellant by allowing the State to impeach its own witnesses with their prior, unsworn, out-of-court statements.

3. The trial court erred to the prejudice of the Defendant-Appellant by allowing the State to elicit hearsay testimony from a witness.

4. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder and weapons under disability, as those findings were not supported by sufficient evidence.

5. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder and weapons under disability, as those findings were contrary to law.

6. The trial court erred to the prejudice of the Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29.

7. The trial court erred to the prejudice of Defendant-Appellant by imposing a sentence that is contrary to law.

(Doc. 9, Ex. 9).  On December 31, 2008, the Ohio appellate court overruled the assignments of error and affirmed the judgment of the trial court.  (Doc. 9, Ex. 11).

## Ohio Supreme Court

On February 5, 2009, through counsel, petitioner filed a timely notice of appeal to the Ohio Supreme Court.  (Doc. 9, Ex. 12).  In his memorandum in support of jurisdiction, petitioner set forth seven propositions of law:

1. The jury erred to the prejudice of the Appellant by finding him guilty of murder and weapons under disability, as those findings were not supported

2

      by sufficient evidence, and the State failed to meet its burden of proof.

2. The jury erred to the prejudice of the Appellant by finding him guilty of murder and weapons under disability, as those findings were contrary to law, and were against the manifest weight of evidence.

3. The trial court erred to the prejudice of the Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29, as the state failed to meet its burden of proving that Appellant was guilty of murder and weapons under disability.

4. The trial court erred to the prejudice of Appellant by imposing a sentence that is contrary to law because it was excessive.

5. Appellant was prejudiced by the structural defect in his indictment, where the indictment omits the *mens rea*, a necessary element of the offense.

6. The trial court erred to the prejudice of the Appellant by allowing the State to impeach its own witness with their prior, unsworn, out-of-court statements, absent surprise and affirmative damage.

7. The trial court erred to the prejudice of the Appellant by allowing the State to elicit hearsay testimony from a witness.

(Doc. 9, Ex. 13). On May 6, 2009, the Ohio Supreme Court declined jurisdiction and dismissed the case "as not involving any substantial constitutional question." (Doc. 9, Ex. 15).

## Application for Reopening

On July 24, 2009, petitioner filed a delayed application for reopening of his direct appeal pursuant to Ohio App. R. 26(B) with the Ohio Court of Appeals. (Doc. 9, Ex. 16). Petitioner alleged ineffective assistance of appellate counsel based on his counsel's failure to raise several claims on direct appeal. Petitioner argued that his appellate counsel was ineffective for failure to argue (1) that "his indictment was defective in charging him with weapons under disability" under Ohio Rev. Code 2923.13(A)(3); (2) that his indictment failed to include the mens rea element of recklessness; and (3) that he was not "given notice of all the elements of the crimes

3

which he would be called upon to defend himself." *Id.*

On August 26, 2009, the Ohio Court of Appeals overruled petitioner's delayed 26(B) application as untimely.[3] (Doc. 9, Ex. 18). Petitioner did not appeal the decision to the Ohio Supreme Court.

## Federal Habeas Corpus

On December 22, 2010, petitioner commenced the instant habeas corpus action.[4] (Doc. 3). In the petition, petitioner alleges the following grounds for relief:

> **Ground One:** Petitioner was prejudiced by the structural defect in his indictment.
>
> **Ground Two:** The trial court erred to the prejudice of the petitioner by allowing the state to impeach its own witnesses with their prior unsworn, out-of-court statements.
>
> **Ground Three:** The trial court erred to the prejudice of the petitioner by allowing the state to elicit hearsay testimony from a witness.
>
> **Ground Four:** The jury erred to the prejudice of the petitioner by finding him guilty of murder and weapons under disability as those findings were not supported by sufficient evidence.
>
> **Ground Five:** The jury erred to the prejudice of the petitioner by finding him guilty of murder and weapons under disability, as those findings were contrary to law.
>
> **Ground Six**: The trial court erred to the prejudice of the petitioner by overruling

---

[3] Under Ohio App. R. 26(B)(1) an application to reopen must be filed within 90 days of the date on which the state court of appeals journalized its judgment, unless the applicant shows good cause for the late filing. In this case the Ohio appellate court found that petitioner had not made a showing of good cause for his failure to file a timely application. (Doc. 9, Ex. 18).

[4] The petition was stamped as "filed" with the Court on January 4, 2011. (Doc. 3, p. 1). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this instance, petitioner signed his petition in December of 2010, but did not indicate the date on which he provided prison authorities with his petition for mailing. (*See* Doc. 3, Memorandum, p. 31). As an attachment to his petition, petitioner has included an affidavit signed on December 22, 2010. (Doc. 1, Attachment #2, p. 2). Because December 22, 2010 is the earliest date on which petitioner could have provided his application to prison authorities, the Court will assume that the petition was "filed" on that date.

his motion for acquittal under Ohio Criminal Procedure Rule 29.

**Ground Seven:** The trial court erred to the prejudice of the petitioner by imposing a sentence that is contrary to law.

(Doc. 3, pp. 3-9).

Respondent has filed a motion to dismiss the petition. (Doc. 9). Respondent contends that the petition is subject to dismissal because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 9, pp. 5-14).

## II. THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS TIME-BARRED UNDER 28 U.S.C. § 2244(d)(1)(A).

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other

collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims.[5] Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's seven grounds for habeas relief are based on alleged errors that occurred during the trial proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

The Ohio Supreme Court declined jurisdiction to hear petitioner's case on May 6, 2009. (Doc. 9, Ex. 15). Since "direct review" of petitioner's conviction included review by the United States Supreme Court, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007); *Clay v. United States*, 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000), the statute of limitations began to run when the 90-day period expired for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Clay*, 537 U.S. at 525;

---

[5] As discussed *supra* p. 10, petitioner has alleged that he experienced difficulty researching his case due to periods of time during which the law library computers were down. To the extent that petitioner claims that insufficient access to library resources amounts to a state created impediment under 28 U.S.C. § 2244(d)(1)(B), the Sixth Circuit has found that restricted access to prison law libraries does not constitute a state created impediment unless the restrictions deny the prisoner access to the courts. *See Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)). *See also Williams v. Brunsman*, No. 1:08-cv-136, 2009 WL 816265, at *6 (S.D. Ohio Mar. 26, 2009). In this case, petitioner has not argued nor does the record support a finding that petitioner was denied access to the courts. Furthermore, petitioner has not demonstrated that his limited access to library resources prevented him from filing a timely habeas petition. Accordingly, petitioner has not demonstrated that § 2244(d)(B) applies to his claims.

*Bronaugh,* 235 F.3d at 283. Accordingly, petitioner's conviction became final August 4, 2009, when the ninety-day period for seeking certiorari from the United States Supreme Court expired. The statute of limitations began running the next day on August 5, 2009, and expired one year later on August 5, 2010 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285. Since petitioner's habeas corpus petition was filed on December 22, 2010, *see infra* n.4, the petition is time-barred unless the limitations period is tolled by statute or otherwise.

During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2). *See also Holland v. Florida,* 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). A state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2). *Allen,* 552 U.S. at 5 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 414

7

(2005)).  *See also Vroman,* 346 F.3d at 603.

"Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing' . . . [that] places a limit on how long a prisoner can wait before filing a post-conviction petition."  *Allen,* 552 U.S. at 6.  The existence of certain exceptions to a timely filing requirement does not preclude a finding that a late petition was improperly filed.  *Pace,* 544 U.S. at 413.  As the Court explained in *Pace*:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.  The purpose of AEDPA's statute of limitations confirms this commonsense reading.  On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions.  This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.*  Therefore, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case.  On July 24, 2009, petitioner filed an application for delayed reopening.  (Doc. 9, Ex. 16).  The Ohio Court of Appeals overruled the application on August 26, 2009, finding that petitioner "failed to provide sufficient reasons for failure to timely file his application to reopen his appeal."  (Doc. 9, Ex. 18).  Since the Ohio appellate court dismissed petitioner's 26(B) application as being untimely, the post-conviction petition was not properly filed under 28 U.S.C. § 2244(d)(2).  Accordingly, petitioner's Rule 26(B) application cannot serve to extend the limitations period in this case.  *See Allen,* 552 U.S. at 4-5.

The Court must next consider whether the statute of limitations may be equitably tolled.

8

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland,* 130 S.Ct. at 2560. *See also Sherwood v. Prelesnik,* 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir. 2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace*, 544 U.S. at 418).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

"The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *Allen*, 366 F.3d at 401 (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). The Sixth Circuit has cautioned that equitable tolling relief should be granted sparingly. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

9

beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir. 2000).

In the instant case, petitioner contends that his failure to file a timely 26(B) application with the Ohio Court of Appeals was due to the "computers in the prison law library [being] 'down' for most of January, February, March and April due to the computer system being change[d] over to a 'new' operating system to run the Westlaw research website."[6] (Doc. 3, Memorandum, p. 30). He claims that he again experienced difficulty accessing Westlaw in filing the instant petition. *Id.* Petitioner also explains that he was delayed in filing his petition because he tried to obtain legal representation from the Ohio Public Defender's Office but was unsuccessful in doing so and was forced to research his own case. *Id.*

In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that petitioner is not entitled to equitable tolling of the statute of limitations in this case. While petitioner attempts to demonstrate his diligence in filing his Rule 26(B) application despite limited access to law library computers, a showing of diligence at the state level is insufficient to warrant equitable tolling. *See Vroman*, 346 F.3d at 605; *Fuller v. Thomas,* 110 F. App'x 496, 499 (6th Cir. 2004). Petitioner's difficulty accessing Westlaw in preparation for filing the instant petition, his pro se status and inability to obtain legal assistance do not entitle him to equitable tolling either. *See United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling") (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th

---

[6] Petitioner claims that the prison library resources are outdated and that inmates are expected to conduct legal research on the computers. *Id.* He avers that once the computers became operational he researched and filed his 26(B) motion as quickly as possible. *Id.*

10

Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Horton v. Warden*, No. 2:07-cv-525, 2008 WL 687136, at *3 (S.D. Ohio Mar. 11, 2008) (rejecting petitioner's contention that reliance on the Ohio Public Defender's Office prevented petitioner from filing a timely habeas petition and entitled him to equitable tolling). *See also Morris v. Warden*, No. 10-cv-542, 2010 WL 5644659, at *4-5 (S.D. Ohio Dec. 30, 2010). Petitioner has not argued that his inability to access Westlaw persisted throughout the 504 days between his judgment becoming final and filing the instant petition. Furthermore, petitioner has not demonstrated that diminished library access or inability to obtain representation from the Ohio Public Defender's Office prevented him from filing a timely habeas petition.[7]

      Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Furthermore, petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

      Finally, petitioner has not made a sufficient showing of actual innocence to warrant an exception to the applicable limitations period. "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have

---

[7] Petitioner has not indicated when he contacted the Ohio Public Defender's Office or on what date he was informed of its decision not to assist him in filing the instant petition. In any event, petitioner did not have a right to assistance of counsel in filing his habeas petition, *see Horton*, 2008 WL 687136, at *3 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)), and therefore cannot be said to have been diligent in pursuing his rights by waiting for the public defender's response to the extent that it prevented him from filing a timely habeas petition.

found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). To establish a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). The Court notes that actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should remain rare and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

In the instant case, petitioner has neither alleged actual innocence nor offered any new evidence to support such a conclusion. In sum, petitioner argues that he should have been convicted of voluntary manslaughter and not murder. (*See e.g.* Doc. 3, Memorandum, p. 18) (arguing that "the victim was the first (1st) aggressor and the petitioner should have been found 'guilty of voluntary manslaughter with having a weapon while under disability'"). Petitioner does not dispute that he shot and killed the victim (*see* Doc. 10, p. 2), but contends that the facts of the case demonstrate that voluntary manslaughter was the appropriate conviction. (*See e.g.* Doc. 3, Memorandum, p. 7, 15, 18). Furthermore, petitioner argues that his trial counsel was ineffective for failing to argue that his drug use negated or lowered the specific intent to kill. (Doc. 3, Memorandum, pp. 9-10). He argues that his murder convictions amounted to a fundamental miscarriage of justice and requests that the Court "correct his incorrect criminal conviction, sentence and incarceration for the acceptance of a guilty plea agreement and signing

12

of voluntary manslaughter with having a weapon while under disability." (Doc. 3, Memorandum, p. 2).

Petitioner has not stated a claim of actual innocence. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005) (a claim of actual innocence does not fit within the exception announced in *Souter* unless the petitioner provides new exculpatory evidence establishing that the petitioner did not commit the acts forming the basis for his conviction). *Cf. Dane v. Sheets*, No. 2:08-cv-295, 2009 WL 1163122, at *4 (S.D. Ohio April 29, 2009) (rejecting petitioner's claim of actual innocence because petitioner's arguments concerning self-defense did not establish factual, as opposed to legal, innocence). Because petitioner has not alleged that he did not commit the acts underlying his conviction or demonstrated that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence, an actual innocence exception to the applicable limitations period is not warranted in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed with prejudice. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case. Finally, petitioner has not demonstrated that an actual innocence exception is warranted in this case.

Therefore, the Court concludes that respondent's motion to dismiss (Doc. 9) should be **GRANTED** and that the habeas corpus petition (Doc. 3) be **DISMISSED** with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred by the statute of limitations, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

   s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARFIELD L. HOWARD,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-004

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).